Memorandum Opinion



No. 04-02-00284-CR



James Eugene MEARS,


Appellant



v.



The STATE of Texas,


Appellee



From the Criminal District Court of Jefferson County, Texas


Trial Court No. 84665


Honorable Charles D. Carver, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Karen A. Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: March 12, 2003


AFFIRMED

 Following a jury trial, Appellant James Eugene Mears was convicted of intoxiction
manslaughter. Mears elected to allow the trial court to assess punishment and was given
twenty years imprisonment and a fine of $10,000. Mears now appeals his conviction in one
issue, claiming he was denied effective assistance of counsel in violation of the United States
and Texas Constitutions. U.S. Const. am. VI; Tex. Const. art. I, §10.

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the conviction in this memorandum opinion under Tex. R. App. P. 47.1 for
the following reasons:

 1. Although Mears never filed a notice of appeal, he did file a "request for permission
to appeal," which the Jefferson County Clerk's office accepted as notice. The State argues
this request does not meet the notice requirements found in Texas Rule of Appellate
Procedure 25.2(b). We disagree, finding the pro se document to vest jurisdiction with this
Court, because it is in writing and shows Mears' desire to appeal from the judgment. See
Tex. R. App. P. 25.2(b)(1), (2). 

 2. In his only issue, Mears complains he was denied effective assistance of counsel
as required by the United States and Texas Constitutions. U.S. Const. am. VI; Tex. Const.
art. I, §10. Specifically, Mears complains of three instances in which he claims his counsel's
performance was inadequate: (1) counsel's failure to properly question potential jurors during
voir dire; (2) counsel's failure to properly cross-examine or object to the testimony of the
State's experts; and (3) counsel's failure to object to the admission of certain evidence.

 In determining whether a criminal defendant has been denied effective assistance of
counsel, this court follows the standard iterated in Strickland v. Washington, 466 U.S. 687,
688 (1984) and adopted in Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988).
 To reverse a criminal defendant's conviction on ineffective assistance of counsel grounds,
the defendant must demonstrate by a preponderance of the evidence that (1) counsel's
performance was so deficient as to fall below an objective standard of reasonableness; and
(2) there is a reasonable probability but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 687; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient
to undermine confidence in the outcome of the proceeding. Thompson, 9 S.W.3d at 812.
Any allegations of ineffectiveness must be firmly founded in the record, and the defendant
must overcome the strong presumption that counsel rendered adequate assistance and that
counsel's actions were the result of sound trial strategy. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). In most cases, a silent record which provides no explanation
for counsel's actions will not overcome the strong presumption of reasonable assistance.
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

 In the case at hand, the record is silent as to the reasons Mears' trial counsel acted as
he did. Because the record does not provide an explanation for counsel's actions, we
conclude Mears has failed to overcome the strong presumption of reasonable assistance.
Under the Strickland standard, Mears has failed to demonstrate that his trial counsel's
performance fell below an objective standard of reasonableness or that his counsel's actions 


resulted in prejudice to the outcome of his trial. Strickland, 466 U.S. at 688. We overrule
Mears' sole issue and affirm the judgment of the trial court.

 

 Paul W. Green, Justice


Do Not Publish