In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-377 CR


____________________



BRUCE DIGBY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 22,949






MEMORANDUM OPINION (1)


 Bruce Digby voluntarily waived his right to trial by jury, and after hearing the
evidence, the trial court found Digby guilty of forgery by passing. After Digby pleaded
true to enhancement paragraphs for two prior sequential felony convictions, the court
assessed punishment at twelve years of confinement in the Texas Department of Criminal
Justice, Correctional Institution Division. The trial court certified that Digby has the right
of appeal. Because the appellate record does not support the appellant's claim of
ineffective assistance of counsel, we affirm the trial court's judgment.

 The appellant's sole issue raises a claim of ineffective assistance of counsel under 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
Digby's complaints fall into two categories: (1) counsel's failure to raise objections to
rebuttal testimony by the investigating officer regarding an extraneous check passing
offense; and (2) failure to locate a witness. 

 To prevail on a claim of ineffective assistance of counsel, an appellant
must establish that his lawyer's performance fell below an objective standard
of reasonableness and that there is a "reasonable probability" the result of
the proceeding would have been different but for counsel's deficient
performance. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. The purpose of this two-pronged test
is to judge whether counsel's conduct so compromised the proper functioning
of the adversarial process that the trial cannot be said to have produced a
reliable result. 


 The review of defense counsel's representation is highly deferential
and presumes that counsel's actions fell within a wide range of reasonable
professional assistance. When the record is silent on the motivations
underlying counsel's tactical decisions, the appellant usually cannot
overcome the strong presumption that counsel's conduct was reasonable....


Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001)(footnotes omitted). 


 The testimony regarding the charged offense established that Digby attempted to
cash a $325 check payable to Digby at the Lufkin Wal-Mart. The Wal-Mart employee
refused to cash the check, so the appellant left the store and returned later with a new $325
check payable to Wal-Mart. Appellant claimed that he worked for the maker, Annie Cole.
The Wal-Mart manager refused to accept the check because it was not presented by the
maker. After a telephone call to Mrs. Cole, Appellant was arrested at the scene, and the
first check was recovered in a search incident to arrest. The two persons on whose
account the checks were drawn testified that they did not know the appellant and he did
no work for them. They testified that their 22-year-old step-grandson, Chris Carr,
admitted to having stolen the book of checks, and that their step-grandson never hired
people to do work. 

 Digby testified on his own behalf. He claimed that he spent one and one-half weeks
performing yard work and painting for a person named Carl. Appellant testified that he
did not question either of the two $325 checks, written on the account of "William or
Annie Cole," because he just wanted to get paid. Appellant testified that a former Wal-Mart security guard named Richard gave him a ride to the Wal-Mart to cash the check.
The trial court granted the appellant a continuance to subpoena Richard. 

 When the trial resumed the following week, counsel explained that appellant had
personally located the witness, Richard Cadenhead, and given him the subpoena, but that
the witness had not appeared. The judge informed counsel that someone had telephoned
the clerk that morning and explained that he had been served with a subpoena but his car
had broken down and he could not get to the courthouse. Testimony resumed without the
witness. The arresting officer confirmed that a person approached him during the arrest,
explained that he had given Digby a ride to the store because his vehicle was broken down,
and asked if they were taking Digby into custody. The officer did not record that person's
name or check out his story because he was already aware that a vehicle registered to the
appellant was disabled on Atkinson Street. 

 In rebuttal, Officer Otis Almond testified that he was currently investigating the
passing of a stolen check made payable to the appellant for "work." The trial court
overruled defense counsel's relevance objection to the prosecution's offer of the check
involved in the extraneous offense.  Digby took the stand again and admitted to passing the
extraneous check but claimed that complainant, whose name is Smith, authorized Smith's
girlfriend to make the check on Smith's account. The appellant's brother, Bobby Digby,
then testified and offered an explanation for the passing of the Smith check. Bobby Digby
claimed that Smith had invited him to join them on a trip to Lufkin to buy crack cocaine,
and that Smith and his girlfriend tried to get him to cash the check for them, but he
refused. According to Bobby Digby, they talked the appellant into going with them, and
Digby's name is on the check because "the lady at Coleman's said for him to put his name
on it, and she'd cash it because she knows us." He testified that they came back with some
cocaine. The appellant's brother admitted he did not know anything about the Wal-Mart
check. 

 On appeal, Digby contends that trial counsel should have objected to the extraneous
offense evidence on hearsay and Confrontation Clause grounds. He argues that trial
counsel should not have called the appellant to testify because he only damaged his case. 
Digby also argues that trial counsel should not have sent appellant to deliver the subpoena
to Cadenhead, and should have secured a writ of attachment for Cadenhead and should
have proffered his anticipated testimony for the record. 

 It appears that the appellant employed a trial strategy in which he was portrayed as
an unwitting dupe of the true forgers. The defense employed the extraneous offense to
support the theory, as the appellant's brother could supply testimony regarding the
extraneous offense that he could not supply regarding the charged offense. Although
appellant suggests that Cadenhead would have corroborated his story, such an assertion is
highly speculative on this record. 

 Claims of ineffective assistance must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). As is often the case on direct appeal,
the appellate record supplies no information on counsel's preparation for trial and the
strategy employed at trial. Accordingly, the appellant fails to overcome the presumption
that counsel's failure to seek the exclusion of the extraneous offense on hearsay and
Confrontation Clause grounds was the product of a reasoned, if ultimately unsuccessful,
trial strategy. The issue is overruled. The judgment is affirmed.

 AFFIRMED. 


 PER CURIAM

 


Submitted on May 21, 2004

Opinion Delivered June 30, 2004

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.