Opinion issued September 30, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00444-CV




L.T.H., Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from 314th District Court
Harris County, Texas
Trial Court Cause No. 2003-05016J 
 

 
 
MEMORANDUM OPINION
          Following a bench trial, the trial court terminated the parental rights of
appellant, L.T.H., to her minor daughter A.H.


 In one issue, appellant challenges the
final termination order, contending that she was denied effective assistance of trial
counsel.
          We affirm.
Background Facts



          A.H., T.H., and S.L. are appellant’s three minor children. A.H. was born on
November 16, 2002. T.H. and S.L. have a different father than A.H. 
          The Department of Family and Protective Services (“DFPS”) received a report
that T.H. and S.L. were being physically and sexually abused. The report indicated
that S.L. was observed with “multiple deep flesh scars on her face” that looked like
she had been cut with a razor blade. Six days after this report, T.H., S.L., and A.H.
were taken into protective care by DFPS after the police found T.H. riding her bike
alone at 11:30 p.m. at an apartment complex wearing only a diaper. 
          In a proceeding separate from the one at issue here, T.H. and S.L.’s father was
named as managing conservator of the two children with appellant receiving the right
to supervised visitation. A.H.’s father could not be located and DFPS sought to
terminate appellant’s parental rights as to the child.
          Although DFPS sought only to terminate appellant’s parental rights as to A.H.,
evidence was introduced at trial that T.H. and S.L. had numerous scars and marks on
their bodies when they were taken into protective care. The investigating DFPS case
worker, Erin Able, testified at trial that S.L. had “flesh pink scars all over her nose”
and two spots on her forehead. S.L. told Able that appellant had scratched her face. 
Able further testified that T.H. had numerous open wounds on her back and that T.H.
had told her that appellant had “scratched her back.” T.H. also had a scar on her left
arm. Able testified that T.H. told her that appellant had pushed T.H. into “some
glass.” Photographic evidence corroborated Able’s testimony regarding the condition
of T.H.’s and S.L.’s skin.
          Able also testified regarding A.H.’s condition when A.H. was taken into
protective custody. According to Able, seven-month-old A.H. was dirty and had “dark
patches” on her face. Able also noted that A.H.’s diaper was urine soaked and
contained dirt and blood. Other evidence introduced at trial showed that A.H. had
numerous marks and scars on her body. 
          Able testified that appellant had stated that the children’s wounds and scars
were caused by impetigo. Although Able requested appellant to provide her with
medical records for the children to confirm the impetigo diagnosis, appellant never
complied with the request. Another case worker testified that the children told her that
appellant had “scratched them” and pinched A.H. 
          Appellant’s therapist, Kotomi Ito, testified that appellant is delusional and
suffers from “borderline intellectual functioning” and “emotional instability.”
According to Dr. Ito, appellant would require constant supervision to parent a small
child such as A.H. and will require long-term, possibly life time, therapy.
          Evidence also showed that appellant has HIV and that A.H. was born HIV-
positive.
Ineffective Assistance of Counsel
          In her pro se appellate brief, appellant contends that her court-appointed trial
counsel failed to present certain defensive evidence. 
          In analyzing the effectiveness of counsel in the context of a
termination-of-parental-rights proceeding, we follow the two-pronged test set forth by
the United States Supreme Court in Strickland v. Washington to determine whether an
attorney’s representation was so inadequate as to be in violation of the Sixth
Amendment right to effective assistance of counsel. In re M.S., 115 S.W.3d 534, 545
(Tex. 2003) (adopting standard set forth in Strickland v. Washington, 466 U.S. 668,
104 S. Ct. 2052 (1984)). To show ineffectiveness of counsel in a
termination-of-parental-rights case, the appellant must demonstrate (1) that counsel’s
assistance fell below an objective standard of reasonableness and (2) that counsel’s
deficient assistance, if any, prejudiced the defendant. Id. (citing Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064). We acknowledge that there is a “strong presumption that
counsel’s conduct falls within the wide range of reasonable professional assistance.” 
Id. (quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). To overcome this
presumption, any allegation of ineffectiveness must be firmly founded in the record
and the record must affirmatively demonstrate the alleged ineffectiveness. Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). An appellate court looks to the
totality of the representation and the particular circumstances of each case in
evaluating the effectiveness of counsel. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). In the absence of evidence of counsel’s reasons for the challenged
conduct, an appellate court commonly will assume a strategic motivation if any can
possibly be imagined, and will not conclude the challenged conduct constituted
deficient performance unless the conduct was so outrageous that no competent
attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). With these principles in mind, we turn to appellant’s contentions.
          Appellant complains that her trial counsel failed to introduce evidence to show 
the following: (1) appellant had her own skin disorder under control with medication
and was taking behavioral medication; (2) appellant had complied with DFPS’s plan
of service; and (3) appellant’s “viral load” associated with her HIV was down.
          A review of the record shows these contentions are unfounded. The evidence
appellant claims was not introduced at trial was in fact introduced. Contrary to
appellant’s assertions, defense counsel elicited testimony at trial showing that
appellant had made efforts to comply with the plan of service and that appellant had
made progress in therapy. Pertaining to the management of appellant’s skin and
psychological disorders, defense counsel had appellant list for the trial court the
medications she was taking. Defense counsel did not need to elicit testimony that
appellant’s “viral load” was down because appellant gave such testimony on cross-examination.
          Appellant also complains that defense counsel was ineffective for failing to
offer evidence that the “rashes” found on the children were caused by a medical
condition and that appellant had obtained medical treatment for her children. 
Although appellant filed a motion for new trial, the motion did not raise ineffective
assistance of counsel as a ground. The order denying the motion does not clearly
indicate whether a hearing was conducted on the motion. If a hearing was conducted,
it is not contained in the appellate record. In the absence of a proper evidentiary
record developed at a hearing on a motion for new trial, it is extremely difficult to
show that trial counsel’s performance was deficient. See Gibbs v. State, 7 S.W.3d 175,
179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). 
          Here, nothing in the appellate record shows whether evidence existed to
establish that the children had a medical condition or that appellant had sought
medical treatment for them. Even if such evidence existed, defense counsel could
have reasonably determined that the potential benefit of such evidence was
outweighed by the risk of unfavorable counter-evidence. See Bone v. State, 77 S.W.3d
828, 834-35 (Tex. Crim. App. 2002). In the absence of evidence showing counsel’s
reasons for the challenged conduct, we will assume a strategic motivation and will not
conclude the conduct was deficient. See Garcia, 57 S.W.3d at 440. Appellant has not
rebutted the presumption that her trial counsel made all significant decisions in the
exercise of reasonable professional judgment, and appellant has not demonstrated
counsel’s assistance fell below an objective standard of reasonableness.


 See
Thompson, 9 S.W.3d at 814. 
          We overrule appellant’s sole issue.
 

Conclusion
          We affirm the trial court’s order terminating appellant’s parental rights.
 
 
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley