COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-446-CR

 

 

MONTY JAMES BOND                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                  FROM
THE COUNTY COURT OF YOUNG COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]

 

                                               ------------ 


 








Appellant Monty James Bond
appeals the trial court=s judgment
revoking his community supervision and sentencing him to 180 days= imprisonment.  In one issue, he
contends that his lawyer provided ineffective assistance of counsel by failing
to object to the prosecutor=s questions about his prior bad acts, by eliciting unfavorable
testimony from his community supervision officer about appellant=s pending public intoxication charge and about appellant=s failure to pay his community supervision fees and costs, and by
failing to effectively cross-examine a State witness.  We affirm.

On September 8, 2004,
appellant pleaded guilty to the misdemeanor offense of furnishing alcohol to a
minor and was sentenced to 180 days= imprisonment probated for nine months.  On November 4, 2004, appellant=s community supervision officer obtained a urine sample from him that
tested positive for amphetamines.  The
State subsequently filed a motion to revoke appellant=s community supervision, alleging that he had violated the terms of
his community supervision by using amphetamines and by committing the offense
of public intoxication in another county. 
After hearing all the evidence, the trial court entered a judgment
revoking appellant=s community
supervision.  This appeal followed.  








Appellant contends that his
trial counsel provided ineffective assistance during his trial by failing to
object to the prosecutor=s questions
about appellant=s two prior
substance abuse-related charges, and by eliciting testimony from his community
supervision officer about his pending public intoxication charge in another
county and his failure to pay his community supervision fees and costs.  Appellant also asserts that his trial counsel
was ineffective because he failed to cross examine a State witness about
appellant=s
intoxication. 

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[2]   








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.[3]  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.[4]  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.[5]  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.[6]  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@[7]  To overcome the presumption of
reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@[8]

Generally, where trial
counsel=s reasons for her conduct do not appear in the record and there is at
least the possibility that the conduct could have been legitimate trial
strategy, we defer to trial counsel=s decisions and deny relief on an ineffective assistance of counsel
claim.[9]  

In this case, the reasons for
counsel=s conduct do not appear in the record. 
It is possible that the motives behind trial counsel=s actions were legitimate trial strategy.  Accordingly, we deny relief on appellant=s ineffective assistance claim and overrule his sole issue.








Having overruled appellant=s issue, we affirm the trial court=s judgment. 

 

PER CURIAM

PANEL
A:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  January 11, 2007











[1]See Tex. R. App. P. 47.4.





[2]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).





[3]Thompson, 9
S.W.3d at 813.





[4]See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.





[5]Salinas, 163
S.W.3d at 740; Mallett, 65 S.W.3d at 63.





[6]Thompson, 9
S.W.3d at 813-14.





[7]Salinas, 163
S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63). 





[8]Salinas, 163
S.W.3d at 740 (quoting Thompson, 9 S.W.3d at 813).





[9]Ortiz
v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002), cert.
denied, 538 U.S. 998 (2003); Thompson, 9 S.W.3d at 813-14.