COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-446-CR

MONTY JAMES BOND APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT OF YOUNG COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

  ------------  

Appellant Monty James Bond appeals the trial court’s judgment revoking his community supervision and sentencing him to 180 days’ imprisonment.  In one issue, he contends that his lawyer provided ineffective assistance of counsel by failing to object to the prosecutor’s questions about his prior bad acts, by eliciting unfavorable testimony from his community supervision officer about appellant’s pending public intoxication charge and about appellant’s failure to pay his community supervision fees and costs, and by failing to effectively cross-examine a State witness.  We affirm.

On September 8, 2004, appellant pleaded guilty to the misdemeanor offense of furnishing alcohol to a minor and was sentenced to 180 days’ imprisonment probated for nine months.  On November 4, 2004, appellant’s community supervision officer obtained a urine sample from him that tested positive for amphetamines.  The State subsequently filed a motion to revoke appellant’s community supervision, alleging that he had violated the terms of his community supervision by using amphetamines and by committing the offense of public intoxication in another county.  After hearing all the evidence, the trial court entered a judgment revoking appellant’s community supervision.  This appeal followed.  

Appellant contends that his trial counsel provided ineffective assistance during his trial by failing to object to the prosecutor’s questions about appellant’s two prior substance abuse-related charges, and by eliciting testimony from his community supervision officer about his pending public intoxication charge in another county and his failure to pay his community supervision fees and costs.  Appellant also asserts that his trial counsel was ineffective because he failed to cross examine a State witness about appellant’s intoxication.
 

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that
 his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.
(footnote: 2)   

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.
(footnote: 3)  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
(footnote: 4)  
Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.
(footnote: 5)  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.
(footnote: 6)  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”
(footnote: 7)  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”
(footnote: 8)
 Generally, where trial counsel’s reasons for her conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we defer to trial counsel’s decisions and deny relief on an ineffective assistance of counsel claim.
(footnote: 9)  

In this case, the reasons for counsel’s conduct do not appear in the record.  It is possible that the motives behind trial counsel’s actions were legitimate trial strategy.  Accordingly, we deny relief on appellant’s ineffective assistance claim and overrule his sole issue.

Having overruled appellant’s issue, we affirm the trial court’s judgment.
 

PER CURIAM

PANEL A:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

3:
Thompson
, 9 S.W.3d at 813.

4:
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.

5:
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.

6:
Thompson
, 9 S.W.3d at 813-14.

7:
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63). 

8:
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

9:
Ortiz v. State
, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002), 
cert. denied
, 538 U.S. 998 (2003); 
Thompson
, 9 S.W.3d at 813-14.