NUMBER 13-09-00045-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DEWEY JOSEPH SAUCE, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court


 of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, Dewey Joseph Sauce, Jr., after a jury trial, appeals his conviction on two
counts of aggravated sexual assault. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iii)
& (a)(2)(B) (Vernon Supp. 2009). By two issues on appeal, Sauce argues that the trial
court erred in seating two jurors and that he received ineffective assistance of counsel. We
affirm.

I. Background (1)

 Sauce was indicted on two counts of aggravated sexual assault. See id. During voir
dire, under questioning by the State, each venireperson initially agreed that he or she could
consider the full range of punishment. See id. § 12.32 (Vernon Supp. 2009) (providing a
punishment range of five to ninety-nine years' imprisonment for first degree felonies); Tex.
Code Crim. Proc. Ann. art. 42.12, § 3(a), (e)(1) (Vernon Supp. 2009) (permitting the trial
judge to suspend the imposition of a sentence and place the defendant on community
supervision); Standefer v. State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001) (stating that
commitment questions are proper voir dire inquiries). While asking the commitment
question, the State misstated the law applicable to Sauce's case, (2) but Sauce's trial counsel
corrected the misstatement of the law in his questioning of the venire. Under interrogation
by Sauce's trial counsel, many of the venirepersons who had previously answered that they
could consider the full range of punishment backtracked on their commitment to do so. 
Relevant to this appeal, venirepersons Waldon and Polzin equivocated on their answers
to the commitment question and stated that they probably could not consider community
supervision as punishment.

 Sauce's trial counsel challenged Polzin for cause, and the trial court denied his
challenge. Sauce's trial counsel used a peremptory strike against Polzin. (3) Sauce did not
challenge Waldon for cause or use a peremptory strike against him, and Waldon was
seated as a juror.

 The jury found Sauce guilty on two counts of aggravated sexual assault and
sentenced him to seventy-five years' imprisonment on both counts. Sauce filed a motion
for new trial and motion in a arrest of judgment and prayed that the trial court would, in the
interest of justice, set aside the judgment of conviction and order a new trial. These
motions were overruled by operation of law, and this appeal ensued.

II. Discussion

 Sauce raises two issues for our review: (1) whether "the trial court committed an
abuse of discretion by denying [his] challenge for cause on Juror Polzin and also by
allowing Juror Waldon to serve on the jury"; and (2) whether his "trial counsel provided
ineffective assistance of counsel." We will review each contention in turn.

A. Jury Selection

 The State argues that Sauce waived his arguments regarding jury selection by
failing to properly preserve error. We agree.

 To preserve error on denied challenges for cause, "an appellant must demonstrate
that he asserted a clear and specific challenge for cause, that he used a peremptory
challenge on the complained-of venireperson, that all of his peremptory challenges were
exhausted, that his request for additional strikes was denied, and that an objectionable
juror sat on the jury." Mathis v. State, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002). With
respect to Juror Polzin, the trial court denied Sauce's challenge for cause. Sauce then
used a peremptory strike against her. The "Defendant's Jury List" indicates that Sauce
used all of his peremptory strikes; however, Sauce did not request additional peremptory
strikes and did not indicate to the trial court that an objectionable juror sat on the jury. 
Sauce did not challenge Juror Waldon for cause, did not use a peremptory strike against
him, did not request additional peremptory strikes, and did not indicate to the trial court that
an objectionable juror sat on the jury. Because Sauce failed to comply with the requisites
for preserving error, we conclude that he waived his first issue on appeal. See id. We
overrule his first issue.

B. Ineffective Assistance

 In his second issue, Sauce identifies several examples that he claims prove that his
trial counsel's assistance was ineffective: (1) trial counsel "allowed the Prosecutor to voir
dire on a misstatement of the law and obtain commitments from potential jurors"; (2) trial
counsel "did not attempt to challenge [Jurors Johns and Waldon] for cause"; and (3) trial
counsel failed to request additional peremptory strikes.

 To prevail on an ineffective assistance of counsel claim, a defendant must show by
a "preponderance of the evidence that his counsel's representation fell below the standard
of prevailing professional norms and that there is a reasonable probability that, but for
counsel's deficiency, the result of the trial would have been different." Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
687-88 (1984); Mallett v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001)); see Bone
v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("Under Strickland, the defendant
must prove, by a preponderance of the evidence, that there is, in fact, no plausible
professional reason for a specific act or omission."). When reviewing counsel's
performance, we indulge in "a strong presumption that counsel's conduct fell within a wide
range of reasonable representation." Salinas, 163 S.W.3d at 740 (citing Mallett, 65 S.W.3d
at 63). Therefore, "the defendant must overcome the presumption that, under the
circumstances, the challenged action 'might be considered sound trial strategy.'" 
Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). 

 "To overcome the presumption of reasonable professional assistance, "'any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.'" Salinas, 163 S.W.3d at 740 (citing
Thompson, 9 S.W.3d at 813). On direct appeal, we are rarely in a position to fairly
evaluate an claim of ineffectiveness. Id. (citing Thompson v. State, 9 S.W.3d 808, 813-14
(Tex. Crim. App. 1999). This is so because "'[i]n the majority of cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's
actions.'" Id. (quoting Mallett, 65 S.W.3d at 63). 

 The record before us does not reveal trial counsel's motives, and it does not explain
his reasons for taking the actions that Sauce alleges amount to ineffective assistance. In
his brief to this Court, Sauce merely asserts that there is no possible trial strategy for trial
counsel's failing to: (1) object to the State's misstatement of the law; (2) challenge for
cause Jurors Johns and Waldon who, according to Sauce, had made it "crystal clear [that]
they could not follow the punishment range"; and (3) request additional strikes, which the
trial court "would have been obligated" to issue. Additionally, in his motion for new trial,
Sauce does not provide any further support for his ineffective assistance of counsel claims
because he only urges a new trial "in the interests of justice" and does not address his trial
counsel's performance.

 This record on direct appeal is devoid of any explanations for trial counsel's actions. 
Sauce's brief to this court provides only mere allegations of ineffectiveness. On this
record, we cannot conclude that Sauce has overcome the presumption of reasonableness
that we are required to indulge. See Salinas, 163 S.W.3d at 740. We decline to find that
Sauce's trial counsel's actions could not be sound trial strategy. See Strickland, 466 U.S.
at 689. Sauce's second issue is overruled.

III. Conclusion

 Having overruled Sauce's issues on appeal, we affirm the judgment of the trial court.



 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

22nd day of July, 2010.




1. Because this is a memorandum opinion, and the parties are familiar with the facts, we will only
discuss those facts necessary for the disposition of this appeal. See Tex. R. App. P. 47.1 ("The court of
appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised
and necessary to final disposition of the appeal.").
2. The State said that an aggravated sexual assault occurs when a seventeen-year-old has sex with
a fourteen-year-old; however, this is not accurate. Such a crime is a sexual assault. Compare Tex. Penal
Code Ann. § 22.011(a)(2), (c)(1) (Vernon Supp. 2009) (defining "sexual assault" to include sex acts with
children age seventeen and younger), with id. § 22.021 (Vernon Supp. 2009) (elevating "sexual assault" to
"aggravated sexual assault" when the victim is a child under fourteen years of age).
3. The record does not indicate whether the parties' peremptory strikes were made orally and recorded
by the court reporter. However, the record does contain a copy of the "State's Jury List" and the "Defendant's
Jury List," which identifies the venirepersons struck by the court and those struck by each respective party. 
In their briefs to this Court, both Sauce and the State indicate that Sauce used a peremptory strike against
Polzin.