

NUMBER 13-09-00045-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DEWEY JOSEPH SAUCE, JR.,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

**On appeal from the 377th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides**

Appellant, Dewey Joseph Sauce, Jr., after a jury trial, appeals his conviction on two counts of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (iii) & (a)(2)(B) (Vernon Supp. 2009). By two issues on appeal, Sauce argues that the trial court erred in seating two jurors and that he received ineffective assistance of counsel. We

affirm.

## I. BACKGROUND[1]

Sauce was indicted on two counts of aggravated sexual assault. *See id.* During voir dire, under questioning by the State, each venireperson initially agreed that he or she could consider the full range of punishment. *See id.* § 12.32 (Vernon Supp. 2009) (providing a punishment range of five to ninety-nine years' imprisonment for first degree felonies); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a), (e)(1) (Vernon Supp. 2009) (permitting the trial judge to suspend the imposition of a sentence and place the defendant on community supervision); *Standefer v. State*, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001) (stating that commitment questions are proper voir dire inquiries). While asking the commitment question, the State misstated the law applicable to Sauce's case,[2] but Sauce's trial counsel corrected the misstatement of the law in his questioning of the venire. Under interrogation by Sauce's trial counsel, many of the venirepersons who had previously answered that they could consider the full range of punishment backtracked on their commitment to do so. Relevant to this appeal, venirepersons Waldon and Polzin equivocated on their answers to the commitment question and stated that they probably could not consider community supervision as punishment.

Sauce's trial counsel challenged Polzin for cause, and the trial court denied his

---

[1] Because this is a memorandum opinion, and the parties are familiar with the facts, we will only discuss those facts necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[2] The State said that an aggravated sexual assault occurs when a seventeen-year-old has sex with a fourteen-year-old; however, this is not accurate. Such a crime is a sexual assault. *Compare* TEX. PENAL CODE ANN. § 22.011(a)(2), (c)(1) (Vernon Supp. 2009) (defining "sexual assault" to include sex acts with children age seventeen and younger), *with id.* § 22.021 (Vernon Supp. 2009) (elevating "sexual assault" to "aggravated sexual assault" when the victim is a child under fourteen years of age).

challenge. Sauce's trial counsel used a peremptory strike against Polzin.[3] Sauce did not challenge Waldon for cause or use a peremptory strike against him, and Waldon was seated as a juror.

The jury found Sauce guilty on two counts of aggravated sexual assault and sentenced him to seventy-five years' imprisonment on both counts. Sauce filed a motion for new trial and motion in a arrest of judgment and prayed that the trial court would, in the interest of justice, set aside the judgment of conviction and order a new trial. These motions were overruled by operation of law, and this appeal ensued.

## II. DISCUSSION

Sauce raises two issues for our review: (1) whether "the trial court committed an abuse of discretion by denying [his] challenge for cause on Juror Polzin and also by allowing Juror Waldon to serve on the jury"; and (2) whether his "trial counsel provided ineffective assistance of counsel." We will review each contention in turn.

## A.   Jury Selection

The State argues that Sauce waived his arguments regarding jury selection by failing to properly preserve error. We agree.

To preserve error on denied challenges for cause, "an appellant must demonstrate that he asserted a clear and specific challenge for cause, that he used a peremptory challenge on the complained-of venireperson, that all of his peremptory challenges were exhausted, that his request for additional strikes was denied, and that an objectionable juror sat on the jury." *Mathis v. State*, 67 S.W.3d 918, 922 (Tex. Crim. App. 2002). With

---

[3] The record does not indicate whether the parties' peremptory strikes were made orally and recorded by the court reporter. However, the record does contain a copy of the "State's Jury List" and the "Defendant's Jury List," which identifies the venirepersons struck by the court and those struck by each respective party. In their briefs to this Court, both Sauce and the State indicate that Sauce used a peremptory strike against Polzin.

respect to Juror Polzin, the trial court denied Sauce's challenge for cause. Sauce then used a peremptory strike against her. The "Defendant's Jury List" indicates that Sauce used all of his peremptory strikes; however, Sauce did not request additional peremptory strikes and did not indicate to the trial court that an objectionable juror sat on the jury. Sauce did not challenge Juror Waldon for cause, did not use a peremptory strike against him, did not request additional peremptory strikes, and did not indicate to the trial court that an objectionable juror sat on the jury. Because Sauce failed to comply with the requisites for preserving error, we conclude that he waived his first issue on appeal. *See id.* We overrule his first issue.

## B.     Ineffective Assistance

In his second issue, Sauce identifies several examples that he claims prove that his trial counsel's assistance was ineffective: (1) trial counsel "allowed the Prosecutor to voir dire on a misstatement of the law and obtain commitments from potential jurors"; (2) trial counsel "did not attempt to challenge [Jurors Johns and Waldon] for cause"; and (3) trial counsel failed to request additional peremptory strikes.

To prevail on an ineffective assistance of counsel claim, a defendant must show by a "preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001)); *see Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("Under *Strickland*, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible

4

professional reason for a specific act or omission."). When reviewing counsel's performance, we indulge in "a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas*, 163 S.W.3d at 740 (citing *Mallett*, 65 S.W.3d at 63). Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

"To overcome the presumption of reasonable professional assistance, "'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Salinas*, 163 S.W.3d at 740 (citing *Thompson*, 9 S.W.3d at 813). On direct appeal, we are rarely in a position to fairly evaluate an claim of ineffectiveness. *Id.* (citing *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). This is so because "'[i]n the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions.'" *Id.* (quoting *Mallett*, 65 S.W.3d at 63).

The record before us does not reveal trial counsel's motives, and it does not explain his reasons for taking the actions that Sauce alleges amount to ineffective assistance. In his brief to this Court, Sauce merely asserts that there is no possible trial strategy for trial counsel's failing to: (1) object to the State's misstatement of the law; (2) challenge for cause Jurors Johns and Waldon who, according to Sauce, had made it "crystal clear [that] they could not follow the punishment range"; and (3) request additional strikes, which the trial court "would have been obligated" to issue. Additionally, in his motion for new trial, Sauce does not provide any further support for his ineffective assistance of counsel claims because he only urges a new trial "in the interests of justice" and does not address his trial

5

counsel's performance.

This record on direct appeal is devoid of any explanations for trial counsel's actions. Sauce's brief to this court provides only mere allegations of ineffectiveness. On this record, we cannot conclude that Sauce has overcome the presumption of reasonableness that we are required to indulge. *See Salinas*, 163 S.W.3d at 740. We decline to find that Sauce's trial counsel's actions could not be sound trial strategy. *See Strickland*, 466 U.S. at 689. Sauce's second issue is overruled.

### III. CONCLUSION

Having overruled Sauce's issues on appeal, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of July, 2010.