COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-178-CR

 

 

MARNEY ANDREW SWINFORD                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Marney Andrew
Swinford appeals his conviction for the felony offense of delivery of a
controlled substance, namely methamphetamine of four or more grams but less
than 200 grams.  After the jury found
Appellant guilty, he pleaded true to the two enhancement paragraphs alleged in
the indictment, and the trial court assessed his punishment at thirty-five years= confinement.  In a single
point, Appellant asserts that he was denied effective assistance of
counsel.  We affirm.

BACKGROUND

Appellant was indicted for
delivery of a controlled substance on June 18, 2004.  On August 23, 2004, the trial court found
Appellant indigent and appointed attorney Jerry Wood to represent him.  That same day, Wood sent Appellant a letter
informing him that he had been appointed as his lawyer and that Wood had no
information at that time about his case, but he would be in contact with
Appellant soon.  Then, Wood sent
Appellant another letter, dated August 25, 2004, informing Appellant of the
schedule of the court dates for his case. 

Appellant wrote a letter,
dated August 26, 2004, to Wood, requesting that Wood file a motion for
discovery, motion for a court-appointed private investigator, and a motion for
the production and inspection of the grand jury transcript, among other
things.  In the letter, Appellant
expressed his desire not to postpone the case for any reason and requested that
Wood keep him fully informed about his case. 
On August 30, 2004, Wood filed a waiver of arraignment, which was
accepted by the trial court on August 31, 2004. 








Appellant filed a declaration
of conflict between the attorney and client on September 23, 2004, asserting to
the trial court that Wood showed no interest in his case, that Wood failed to
meet with him and become acquainted with the facts of Appellant=s case, that there was a breakdown of communication between Appellant
and Wood, and that Wood failed to file motions that Appellant requested him to
file.  Then, on October 14, 2004,
Appellant filed a motion to replace court-appointed counsel.  Appellant also filed four separate trial
motions that day.  According to
Appellant, the first time he ever spoke with Wood was at the pre-trial setting
on October 21, 2004. 

On November 4, 2004, Wood
filed several motions with the trial court, including a motion to list
witnesses and request for criminal histories, a motion for the appointment of
an examiner, and a motion for discovery, production, and inspection of
evidence, among others.  Wood also sent
Appellant copies of the motions that he had filed on Appellant=s behalf. 

Following a hearing on
February 7, 2005, the trial court granted Appellant=s request to remove Wood from the case based on an apparent conflict
of interest regarding another case with which Wood was involved.  The trial court appointed Jim Lane, who
represented Appellant through trial. 








On March 7, 2005, Lane filed
a motion on Appellant=s behalf to
set aside the indictment for the failure to afford constitutional right to
speedy trial. Additionally, Appellant filed a pro se motion to dismiss
under the Speedy Trial Act on March 17, 2005.[2]  On May 4, 2005, the trial court held a
hearing on Appellant=s motion to
dismiss, and after the hearing, the trial court denied his request. 

At trial, the State presented
evidence that Appellant sold 13.67 grams of methamphetamine to an undercover
narcotics officer.  Appellant did not
call any witnesses to testify on his behalf. 
A jury then found Appellant guilty of the charged offense, and the trial
court assessed his punishment at thirty-five years= confinement. 

DISCUSSION

Appellant complains that Wood=s failure to meet with Appellant as required by code of criminal
procedure article 26.04 constructively denied him  the constitutional right to effective
assistance of counsel.  See Tex. Code Crim. Proc. Ann. art. 26.04
(Vernon Supp. 2005).  He contends that
prejudice is presumed because of an actual or constructive denial of counsel.

1. Standard of Review








To establish ineffective
assistance of counsel, Appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  There is no
requirement that we approach the two-pronged inquiry of Strickland in
any particular order, or even address both components of the inquiry if the
defendant makes an insufficient showing on one component.  Strickland, 466 U.S. at 697, 104 S.
Ct. at 2069. 








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the presumption
of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair trial,
i.e., a trial whose result is reliable.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 
In other words, Appellant must show there is a reasonable probability
that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

2.  Discussion

Article 26.04(j) provides
that an attorney appointed under Article 26 shall:








(1)  make every reasonable effort to contact the
defendant not later than the end of the first working day after the date on
which the attorney is appointed and to interview the defendant as soon as
practicable after the attorney is appointed.

 

Tex. Code Crim. Proc.
Ann. art. 26.04(j). 
Appellant asserts that because Wood did not interview him from the time
he was appointed on August 23, 2004, until October 21, 2004, he was effectively
denied the assistance of counsel.  He
further asserts that Strickland v. Washington instructs courts to
presume prejudice based on the actual or constructive denial of counsel or
state interference with counsel=s assistance.  See 466
U.S. at 692, 104 S. Ct. at 2067. 

Strickland dictates that A[i]n certain
Sixth Amendment contexts, prejudice is presumed.  Actual or constructive denial of the
assistance of counsel altogether is legally presumed to result in
prejudice. So are various kinds of state interference with counsel=s assistance.@  Id. (emphasis added) (citations
omitted).  The Court added, APrejudice in these circumstances is so likely that case‑by‑case
inquiry into prejudice is not worth the cost.@  Id.  








Thus, in the present case,
for the presumption of prejudice to apply, Appellant would have to prove that
he was denied the assistance of counsel altogether.  See id.  However, the record reflects that the trial
court provided Appellant with appointed counsel; initially Wood, and then a
second appointed attorney, Lane. 
Therefore, the record does not support the claim that Appellant was
actually or constructively denied representation.

Aside from conflict of
interest claims, Aactual
ineffectiveness claims alleging a deficiency in attorney performance are
subject to a general requirement that the defendant affirmatively prove
prejudice.@  Id. at 693, 104 S. Ct. at 2067.  Attorney errors cannot be classified
according to their likelihood of causing prejudice because they come in an
infinite variety and are often as likely to be utterly harmless in a particular
case as they are to be prejudicial.  Id.  Additionally, attorney errors cannot be
defined with sufficient precision to inform counsel precisely what conduct to
avoid.  Id.  Accordingly, even if a defendant shows that a
particular error of his or her attorney was unreasonable, the defendant still
must show that the error had an actual adverse effect on the defense.  Id.








The provision that Appellant
alleges Wood violated requires the attorney to interview the client Aas soon as practicable after the attorney is appointed.@  Tex. Code Crim. Proc. Ann. art. 26.04(j)(1).  Appellant does not allege that Wood was
suffering under an actual conflict of interest during his representation of
Appellant, that he was actually denied counsel throughout his entire
prosecution, or that his second appointed trial attorney was ineffective in any
way.  He only asserts that he was
constructively denied his constitutional right to counsel because his first
trial attorney waited approximately two months to meet with himCan alleged error that we cannot presume harmful.  See Strickland, 466 U.S. at 693, 104
S. Ct. at 2067.  Accordingly, the second
prong of Strickland requires Appellant to prove that this alleged error
had an actual adverse effect on the defense. 
See id.  He must show that
there is a reasonable probability that, but for counsel=s alleged unprofessional errors, the result of the proceeding would
have been different.  Id. at 694,
104 S. Ct. at 2068.

Appellant contends that he
sought to assert his right to a speedy trial, but he was left to do so without
the assistance of counsel.  The record
reflects that the trial court appointed a substitute attorney to represent
Appellant.  On March 7, 2005, Appellant=s substitute appointed attorney filed a motion to set aside the
indictment for failure to afford the constitutional right to speedy trial.
Furthermore, the trial court held a hearing on Appellant=s motion to dismiss the indictment. 
The record does not support a finding that there is a reasonable probability
that, but for counsel=s alleged
unprofessional errors, the result of the proceeding would be different.  Thus, Appellant has not demonstrated that
counsel=s alleged error was so serious that it deprived him of a fair
trial.  We overrule Appellant=s sole point.

 








CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL
F:  HOLMAN, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 30, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Act
of May 22, 1987, 70th Leg., R.S., ch. 383, ' 2, 1987 Tex. Gen. Laws 1885,
1885, repealed by Act of May 29, 2005, 79th Leg., R.S., ch. 1019, ' 2,
2005 Tex. Gen. Laws 3464, 3464.