SWINFORD v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-178-CR

MARNEY ANDREW SWINFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marney Andrew Swinford appeals his conviction for the felony offense of delivery of a controlled substance, namely methamphetamine of four or more grams but less than 200 grams.  After the jury found Appellant guilty, he pleaded true to the two enhancement paragraphs alleged in the indictment, and the trial court assessed his punishment at thirty-five years’ confinement.  In a single point, Appellant asserts that he was denied effective assistance of counsel.  We affirm.

BACKGROUND

Appellant was indicted for delivery of a controlled substance on June 18, 2004.  On August 23, 2004, the trial court found Appellant indigent and appointed attorney Jerry Wood to represent him.  That same day, Wood sent Appellant a letter informing him that he had been appointed as his lawyer and that Wood had no information at that time about his case, but he would be in contact with Appellant soon.  Then, Wood sent Appellant another letter, dated August 25, 2004, informing Appellant of the schedule of the court dates for his case. 

Appellant wrote a letter, dated August 26, 2004, to Wood, requesting that Wood file a motion for discovery, motion for a court-appointed private investigator, and a motion for the production and inspection of the grand jury transcript, among other things.  In the letter, Appellant expressed his desire not to postpone the case for any reason and requested that Wood keep him fully informed about his case.  On August 30, 2004, Wood filed a waiver of arraignment, which was accepted by the trial court on August 31, 2004. 

Appellant filed a declaration of conflict between the attorney and client on September 23, 2004, asserting to the trial court that Wood showed no interest in his case, that Wood failed to meet with him and become acquainted with the facts of Appellant’s case, that there was a breakdown of communication between Appellant and Wood, and that Wood failed to file motions that Appellant requested him to file.  Then, on October 14, 2004, Appellant filed a motion to replace court-appointed counsel.  Appellant also filed four separate trial motions that day.  According to Appellant, the first time he ever spoke with Wood was at the pre-trial setting on October 21, 2004. 

On November 4, 2004, Wood filed several motions with the trial court, including a motion to list witnesses and request for criminal histories, a motion for the appointment of an examiner, and a motion for discovery, production, and inspection of evidence, among others.  Wood also sent Appellant copies of the motions that he had filed on Appellant’s behalf. 

Following a hearing on February 7, 2005, the trial court granted Appellant’s request to remove Wood from the case based on an apparent conflict of interest regarding another case with which Wood was involved.  The trial court appointed Jim Lane, who represented Appellant through trial. 

On March 7, 2005, Lane filed a motion on Appellant’s behalf to set aside the indictment for the failure to afford constitutional right to speedy trial. Additionally, Appellant filed a 
pro se
 motion to dismiss under the Speedy Trial Act on March 17, 2005.
(footnote: 2)  On May 4, 2005, the trial court held a hearing on Appellant’s motion to dismiss, and after the hearing, the trial court denied his request. 

At trial, the State presented evidence that Appellant sold 13.67 grams of methamphetamine to an undercover narcotics officer.  Appellant did not call any witnesses to testify on his behalf.  A jury then found Appellant guilty of the charged offense, and the trial court assessed his punishment at thirty-five years’ confinement. 

DISCUSSION

Appellant complains that Wood’s failure to meet with Appellant as required by code of criminal procedure article 26.04 constructively denied him  the constitutional right to effective assistance of counsel.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.04 (Vernon Supp. 2005).  He contends that prejudice is presumed because of an actual or constructive denial of counsel.

1. Standard of Review

To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  
There is no requirement that we approach the two-pronged inquiry of 
Strickland
 in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component.  
Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, Appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

2.  Discussion

Article 26.04(j) provides that an attorney appointed under Article 26 shall:

(1)  make every reasonable effort to contact the defendant not later than the end of the first working day after the date on which the attorney is appointed and to interview the defendant as soon as practicable after the attorney is appointed.

Tex. Code Crim. Proc. Ann.
 art. 26.04(j).  Appellant asserts that because Wood did not interview him from the time he was appointed on August 23, 2004, until October 21, 2004, he was effectively denied the assistance of counsel.  He further asserts that 
Strickland v. Washington
 instructs courts to presume prejudice based on the actual or constructive denial of counsel or state interference with counsel’s assistance.  
See
 466 U.S. at 692, 104 S. Ct. at 2067. 

Strickland
 dictates that “[i]n certain Sixth Amendment contexts, prejudice is presumed.  Actual or constructive denial of the assistance of counsel 
altogether
 is legally presumed to result in prejudice. So are various kinds of state interference with counsel’s assistance.”  
Id.
 (emphasis added) (citations omitted).  The Court added, “Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost.”  
Id.  

Thus, in the present case, for the presumption of prejudice to apply, Appellant would have to prove that he was denied the assistance of counsel altogether.  
See id.
  However, the record reflects that the trial court provided Appellant with appointed counsel; initially Wood, and then a second appointed attorney, Lane.  Therefore, the record does not support the claim that Appellant was actually or constructively denied representation.

Aside from conflict of interest claims, “actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.”  
Id.
 at 693, 104 S. Ct. at 2067.  Attorney errors cannot be classified according to their likelihood of causing prejudice because they come in an infinite variety and are often as likely to be utterly harmless in a particular case as they are to be prejudicial.  
Id.  
Additionally, attorney errors cannot be defined with sufficient precision to inform counsel precisely what conduct to avoid.  
Id.
  Accordingly, even if a defendant shows that a particular error of his or her attorney was unreasonable, the defendant still must show that the error had an actual adverse effect on the defense.  
Id.

The provision that Appellant alleges Wood violated requires the attorney to interview the client “as soon as practicable after the attorney is appointed.
”  
Tex. Code Crim. Proc. Ann.
 art. 26.04(j)(1).
  Appellant does not allege that Wood was suffering under an actual conflict of interest during his representation of Appellant, that he was actually denied counsel throughout his entire prosecution, or that his second appointed trial attorney was ineffective in any way.  He only asserts that he was constructively denied his constitutional right to counsel because his first trial attorney waited approximately two months to meet with him—an alleged error that we cannot presume harmful.  
See Strickland
, 466 U.S. at 693, 104 S. Ct. at 2067. 
 Accordingly, the second prong of 
Strickland 
requires Appellant to prove that this alleged error had an actual adverse effect on the defense.  
See id
.  He must show that there is a reasonable probability that, but for counsel’s alleged unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.

Appellant contends that he sought to assert his right to a speedy trial, but he was left to do so without the assistance of counsel.  The record reflects that the trial court appointed a substitute attorney to represent Appellant.  On March 7, 2005, Appellant’s substitute appointed attorney filed a motion to set aside the indictment for failure to afford the constitutional right to speedy trial. Furthermore, the trial court held a hearing on Appellant’s motion to dismiss the indictment.  The record does not support a finding that there is a reasonable probability that, but for counsel’s alleged unprofessional errors, the result of the proceeding would be different.  Thus, Appellant has not demonstrated that counsel’s alleged error was so serious that it deprived him of a fair trial
.  We overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 Act of May 22, 1987, 70th Leg., R.S., ch. 383, § 2, 1987 Tex. Gen. Laws 1885, 1885, 
repealed by
 Act of May 29, 2005, 79th Leg., R.S., ch. 1019, § 2, 2005 Tex. Gen. Laws 3464, 3464.