Affirmed and Memorandum Opinion filed March 30 , 2006









Affirmed and Memorandum Opinion filed March 30 , 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00309-CR

____________

 

JUSTIN GLAZE
EDMONDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th District
Court

Fort Bend
County, Texas

Trial Court Cause No.
39,353

 



 

M E M O R A N D U M    O P I N I O N

A jury convicted trial, appellant Justin Glaze Edmonds was
convicted of the offense of aggravated sexual assault of a child and sentenced
him to five years confinement in the Texas Department of Criminal Justice
DivisionC - Institutional Division.  In accordance with the jury=s recommendation, the trial court
suspended the sentence and placed appellant on community supervision for eight
years.  In his sole point of error, appellant
claims he received ineffective assistance of counsel because his attorney
failed to object when the State moved to amend the indictment on the date trial
began.  We affirm.  








I. 
Factual and Procedural BackgroundBACKGROUND

On January 20, 2004, appellant was indicted for the offense
of aggravated sexual assault of  a child
younger than fourteen years of age.  The
complainant=s name, however, was misspelled in
the indictment.  On February 9, 2005, the
day voir dire began, the State filed a motion to amend the indictment to
reflect the correct spelling of the victim=s last name, which was ATabor.[1]@ 
Appellant=s trial Defense counsel stated that he did not object to the
State=s motion and acknowledged his
understanding that he was entitled to a ten- day continuance if an objection to
the amendment was sustained.  After
waiving his right to a continuance, the State and appellant=s trial counsel discussed various
pre-trial matters with the trial court, and did not return to the issue of
amending the indictment.  At the
conclusion of the trial, the jury convicted appellant of aggravated sexual
assault and sentenced him to five years imprisonment, but suspended the
sentence for eight years.  Appellant did
not file a motion for new trial.  This
appeal ensued.

II. 
Discussion 

A.        Standard of
Review

 

In order to prevail on a claim of ineffective assistance of
counsel, appellant must satisfy the two-prong test set forth in Strickland
v. Washington, 466 U.S. 668 (1984). 
Specifically, he must show that his attorney=s performance was deficient and that
he was prejudiced by his attorney=s deficient performance.  Id. at 6874.  In order to demonstrate prejudice, appellant Amust show that there is a reasonable
possibility that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different.@ 
Id. at 694.  There is a
strong presumption that defense counsel=s conduct falls within the Awide range of reasonable professional
assistance.@ 
Id. at 689.  








In order for an appellate court to find trial counsel
ineffective, Aany allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.@ 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Generally, when the record is silent as to
counsel=s motivations for tactical decisions,
an appellant cannot overcome the Astrong presumption that counsel=s conduct was reasonable.@ 
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  

B.        Analysis 

In the present case, appellant argues that his attorney was
ineffective for failing to object when the State amended the indictment to
reflect the correct spelling of the victim=s name on the date trial began.  He argues that he was entitled to a ten-day
continuance pursuant to article 28.10 of the Texas Code of Criminal Procedure
Article 28.10, and that counsel=s performance was deficient in waiving the continuance. With
respect to counsel=s performance, the record does not reflect counsel=s reasons or strategy behind waiving
the ten-day continuance.[2]  Therefore, appellant is unable to show his
attorney=s performance was deficient.  Mallett, 65 S.W.3d at 63; Thompson,
9 S.W.3d at 813.  








Regarding prejudice, appellant claims that had his attorney
objected to the amendment, and the trial court had overruled his objection,
appellant would have been entitled to a new trial.  Appellant=s conjecture over what might have
occurred at trial and his speculation as to what he might have been entitled to
on appeal are not allegations of ineffectiveness which are firmly grounded in
the record.  See Thompson,
9 S.W.3d at 813.  Moreover, appellant
does not argue how a ten-day continuance would have changed the outcome of the
proceeding, had the trial court sustained an objection to the amended
indictment.  As such, appellant is unable
to show he was prejudiced by counsel=s alleged ineffectiveness.  Strickland, 466 U.S. at 684.  Appellant has not satisfied the requirements
of the two-prong test for establishing a claim of ineffective assistance of
counsel.  Id.  Accordingly, appellant=s sole point of error is overruled. 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment affirmed and Memorandum Opinion filed March 30, 2006.

Panel consists of Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  Because the
complainant is a juvenile, her identity will remain anonymous.  It is important to note, however, that the
original indictment was corrected by changing one letter in appellant=s last name.





[2]  Appellant
argues that the rule in Thompson requiring that the record be fully
developed in ineffective assistance of counsel claims should not apply here
because there could be no strategic reason for waiving a ten-day
continuance.  However, there could be many
strategic reasons for doing so, such as proceeding when the State assumed
appellant would ask for a continuance, thereby catching the State off guard; or
proceeding when all of appellant=s
witnesses were located and available to testify.