

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-238-CV

IN THE INTEREST OF D.R.D., A CHILD

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Tamara F. appeals the termination of her parental rights to her daughter, D.R.D. In a single point, Appellant argues that her trial counsel was ineffective for failing to contest and defend her against any of the assertions made the basis of the suit to terminate her parental rights. We will affirm.

Appellee Texas Department of Family and Protective Services ("TDFPS") filed its petition for termination in suit affecting the parent-child relationship in October 2006 seeking to terminate Appellant's parental rights to nine-and-a-

---

[1] *See* TEX. R. APP. P. 47.4.

half-year-old D.R.D. TDFPS alleged that termination was in D.R.D.'s best interest and that Appellant had committed one or more of the acts or omissions set forth in family code section 161.001(1)(A), (B), (C), (D), (E), (I), (K), (L), (M), (N), (O), (P), and (Q). *See* TEX. FAM. CODE ANN. § 161.001(1)(A), (B), (C), (D), (E), (I), (K), (L), (M), (N), (O), (P), (Q) (Vernon Supp. 2007).

At trial, Appellant testified that she is addicted to methamphetamines, that she has been dealing and using drugs for the last four years, that she uses methamphetamines almost every day, that she stays high for long periods of time, that everybody she knows uses drugs, and that she does not work. Appellant's parental rights to her daughter I.J.F. were terminated in Oklahoma in 2005, and her parental rights to her son D.M.L. were terminated in 2006. Appellant's other son, C.D., was one year old when he choked on a screw and died at home. At the time of trial, Appellant was in jail for possession of methamphetamines, her second or third pending felony charge in Denton County.

The jury found by clear and convincing evidence that termination of Appellant's parental rights to D.R.D. was in D.R.D.'s best interest and that Appellant had knowingly placed or knowingly allowed D.R.D. to remain in conditions or surroundings which endangered D.R.D.'s physical or emotional well-being; had engaged in conduct, or knowingly placed D.R.D. with persons

2

who engaged in conduct, which endangered D.R.D.'s physical or emotional well-being; and had had her parent-child relationship terminated with respect to another child based on a finding that her conduct was in violation of family code section 161.001(1)(D) or (E) or a substantially equivalent provision of the law of another state. This appeal followed.[2]

In her sole point, Appellant argues that her trial counsel was ineffective because he "failed to contest any assertions of [TDFPS] or provide a legal defense by engaging in a trial strategy which was impossible." She states that "[t]he record is clear that the 'strategy' in this case was to convince the jury that [her] brother, [Billy T. ("Billy")], should receive D.R.D. and care for her as a legal guardian in Ohio." Appellant contends, however, that her counsel's strategy in arguing that D.R.D. should be placed with Billy was legally impossible and essentially sought an unattainable result because Billy did not intervene in the suit and because the jury charge did not provide for custody to Billy. TDFPS responds that Appellant's trial counsel was not ineffective

---

[2] The trial court signed an interlocutory order terminating the parent child relationship between D.R.D. and her father, Jeremy D., on June 18, 2007. The order became final when the trial court signed the order terminating Appellant's parental rights.

because he contested the best interest prong of the termination-of-parental-rights inquiry.[3] We agree with TDFPS.

There is a right to effective assistance of counsel in termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). We review ineffective assistance claims under the *Strickland* standard. *Id.* at 549. To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that her counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v.*

---

[3] TDFPS initially argues that Appellant failed to preserve for appellate review her argument that her trial counsel was ineffective because she did not specifically include this argument in a timely filed statement of points or in a statement combined with a motion for new trial. *See* TEX. FAM. CODE ANN. § 263.405(i) (Vernon Supp. 2007) (stating that an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial). In a recent en banc decision, this court held that family code section 263.405(i) is void as a violation of the separation of powers provision of the Texas constitution. *See In re D.W.*, No. 02-06-00191-CV, 2008 WL 467328, at *12 (Tex. App.—Fort Worth Feb. 19, 2008, no pet. h.) (en banc). We are bound to follow our own precedent, so we will consider the merits of Appellant's ineffective assistance argument.

*State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068.

In many cases, we are unable to determine whether counsel's actions were grounded in sound trial strategy because the record is silent as to possible trial strategies. In this case, however, the record unequivocally demonstrates that counsel's trial strategy was to convince the jury that it was not in D.R.D.'s best interest to have her parent-child relationship with Appellant terminated. Counsel's strategy thus entailed challenging an essential element of the termination proceeding.[4]

In his opening statement, counsel argued that Appellant was in jail, that Appellant did not want to take D.R.D. home with her, and that it would be in D.R.D.'s best interest if she remained part of Appellant's family but lived in Ohio with Appellant's brother, Billy. Counsel argued, "We're asking you not to terminate solely on the fact that there are family that are here for" D.R.D. Appellant testified that she did not believe it was in D.R.D.'s best interest to have her parental rights terminated, that she did not want to relinquish her

---

[4] In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish one ground listed under subdivision (1) of the statute *and* must also prove that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(1), (2); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005).

6

parental rights to D.R.D. because she wanted Billy to have custody of D.R.D., and that she would give custody of D.R.D. to Billy if the jury chose not to terminate her parental rights because she wanted D.R.D. to stay in the family. Counsel questioned the Director of Public Safety for Oak Point whether he knew anything about Billy; the Director did not. Referencing Billy, counsel questioned a licensed professional counselor whether it is important for a child to have a "family connection with a decent family"; the counselor agreed that it is important. Billy testified that he lives in Ohio, that he moved there to get away from his family and the lifestyle that they were living, that he would like to raise D.R.D. if the jury did not terminate Appellant's parental rights to her, and that he would be able to care for D.R.D. if Appellant gave him custody of her. Additionally, in his closing argument, counsel stressed that Billy is the one who really cares about D.R.D. and that "[t]he only way to guarantee that Billy has a shot of being in [D.R.D.'s] life is not to terminate."

Considering the overwhelming evidence of Appellant's narcotics-infused lifestyle and that her parental rights to two other children had previously been terminated, counsel could have reasonably concluded that it would have been disingenuous to contest the section 161.001(1) termination grounds alleged. Moreover, counsel's zealous performance was not rendered ineffective solely because Billy did not intervene in the case; the jury was still required to find by

7

clear and convincing evidence that termination was in D.R.D.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(2).

Counsel engaged in a sound trial strategy throughout trial by contesting TDFPS's assertion that it would be in D.R.D.'s best interest to terminate Appellant's parental rights to D.R.D. Thus, Appellant has failed to rebut the strong presumption that counsel's conduct fell within a wide range of reasonable representation. Consequently, Appellant has failed to meet her burden under the first *Strickland* prong. *See Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. We overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

CAYCE, C.J. concurs without opinion.

DELIVERED: April 3, 2008