COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-238-CV

 

 

IN THE INTEREST OF D.R.D., A CHILD

 

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Tamara F. appeals
the termination of her parental rights to her daughter, D.R.D.  In a single point, Appellant argues that her
trial counsel was ineffective for failing to contest and defend her against any
of the assertions made the basis of the suit to terminate her parental
rights.  We will affirm.








Appellee Texas Department of
Family and Protective Services (ATDFPS@) filed its
petition for termination in suit affecting the parent-child relationship in
October 2006 seeking to terminate Appellant=s parental rights to nine-and-a-half-year-old D.R.D.  TDFPS alleged that termination was in D.R.D.=s best interest and that Appellant had committed one or more of the
acts or omissions set forth in family code section 161.001(1)(A), (B), (C),
(D), (E), (I), (K), (L), (M), (N), (O), (P), and (Q).  See Tex.
Fam. Code Ann. ' 161.001(1)(A),
(B), (C), (D), (E), (I), (K), (L), (M), (N), (O), (P), (Q) (Vernon Supp. 2007).

At trial, Appellant testified
that she is addicted to methamphetamines, that she has been dealing and using
drugs for the last four years, that she uses methamphetamines almost every day,
that she stays high for long periods of time, that everybody she knows uses
drugs, and that she does not work. 
Appellant=s parental
rights to her daughter I.J.F. were terminated in Oklahoma in 2005, and her
parental rights to her son D.M.L. were terminated in 2006.  Appellant=s other son, C.D., was one year old when he choked on a screw and died
at home.  At the time of trial, Appellant
was in jail for possession of methamphetamines, her second or third pending
felony charge in Denton County.








The jury found by clear and
convincing evidence that termination of Appellant=s parental rights to D.R.D. was in D.R.D.=s best interest and that Appellant had knowingly placed or knowingly
allowed D.R.D. to remain in conditions or surroundings which endangered D.R.D.=s physical or emotional well-being; had engaged in conduct, or
knowingly placed D.R.D. with persons who engaged in conduct, which endangered
D.R.D.=s physical or emotional well-being; and had had her parent-child
relationship terminated with respect to another child based on a finding that
her conduct was in violation of family code section 161.001(1)(D) or (E) or a
substantially equivalent provision of the law of another state.  This appeal followed.[2]








In her sole point, Appellant
argues that her trial counsel was ineffective because he Afailed to contest any assertions of [TDFPS] or provide a legal defense
by engaging in a trial strategy which was impossible.@  She states that A[t]he record is clear that the >strategy= in this
case was to convince the jury that [her] brother, [Billy T. (ABilly@)], should
receive D.R.D. and care for her as a legal guardian in Ohio.@  Appellant contends, however,
that her counsel=s strategy
in arguing that D.R.D. should be placed with Billy was legally impossible and
essentially sought an unattainable result because Billy did not intervene in
the suit and because the jury charge did not provide for custody to Billy.  TDFPS responds that Appellant=s trial counsel was not ineffective because he contested the best
interest prong of the termination-of-parental-rights inquiry.[3]  We agree with TDFPS.








There is a right to effective
assistance of counsel in termination cases. 
In re M.S., 115 S.W.3d 534, 544 (Tex. 2003).  We review ineffective assistance claims under
the Strickland standard.  Id. at
549.  To establish ineffective assistance
of counsel, appellant must show by a preponderance of the evidence that her
counsel=s representation fell below the standard of prevailing professional
norms and that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).

In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).








The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.

In many cases, we are unable
to determine whether counsel=s actions were grounded in sound trial strategy because the record is
silent as to possible trial strategies. 
In this case, however, the record unequivocally demonstrates that
counsel=s trial strategy was to convince the jury that it was not in D.R.D.=s best interest to have her parent-child relationship with Appellant
terminated.  Counsel=s strategy thus entailed challenging an essential element of the
termination proceeding.[4]








In his opening statement,
counsel argued that Appellant was in jail, that Appellant did not want to take
D.R.D. home with her, and that it would be in D.R.D.=s best interest if she remained part of Appellant=s family but lived in Ohio with Appellant=s brother, Billy.  Counsel
argued, AWe=re asking
you not to terminate solely on the fact that there are family that are here for@ D.R.D.  Appellant testified
that she did not believe it was in D.R.D.=s best interest to have her parental rights terminated, that she did
not want to relinquish her parental rights to D.R.D. because she wanted Billy
to have custody of D.R.D., and that she would give custody of D.R.D. to Billy
if the jury chose not to terminate her parental rights because she wanted
D.R.D. to stay in the family.  Counsel
questioned the Director of Public Safety for Oak Point whether he knew anything
about Billy; the Director did not.  Referencing
Billy, counsel questioned a licensed professional counselor whether it is
important for a child to have a Afamily connection with a decent family@; the counselor agreed that it is important.  Billy testified that he lives in Ohio, that
he moved there to get away from his family and the lifestyle that they were
living, that he would like to raise D.R.D. if the jury did not terminate
Appellant=s parental
rights to her, and that he would be able to care for D.R.D. if Appellant gave
him custody of her.  Additionally, in his
closing argument, counsel stressed that Billy is the one who really cares about
D.R.D. and that A[t]he only
way to guarantee that Billy has a shot of being in [D.R.D.=s] life is not to terminate.@








Considering the overwhelming
evidence of Appellant=s
narcotics-infused lifestyle and that her parental rights to two other children
had previously been terminated, counsel could have reasonably concluded that it
would have been disingenuous to contest the section 161.001(1) termination
grounds alleged.  Moreover, counsel=s zealous performance was not rendered ineffective solely because
Billy did not intervene in the case; the jury was still required to find by
clear and convincing evidence that termination was in D.R.D.=s best interest.  See Tex. Fam. Code Ann. ' 161.001(2).

Counsel engaged in a sound
trial strategy throughout trial by contesting TDFPS=s assertion that it would be in D.R.D.=s best interest to terminate Appellant=s parental rights to D.R.D. 
Thus, Appellant has failed to rebut the strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Consequently, Appellant has failed to meet
her burden under the first Strickland prong.  See Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  We overrule Appellant=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

CAYCE, C.J. concurs without opinion.

DELIVERED: 
April 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]The
trial court signed an interlocutory order terminating the parent child
relationship between D.R.D. and her father, Jeremy D., on June 18, 2007.  The order became final when the trial court
signed the order terminating Appellant=s parental rights.





[3]TDFPS
initially argues that Appellant failed to preserve for appellate review her
argument that her trial counsel was ineffective because she did not
specifically include this argument in a timely filed statement of points or in
a statement combined with a motion for new trial.  See Tex.
Fam. Code Ann. ' 263.405(i)
(Vernon Supp. 2007) (stating that an appellate court may not consider any issue
that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal or in a statement
combined with a motion for new trial). 
In a recent en banc decision, this court held that family code section
263.405(i) is void as a violation of the separation of powers provision of the
Texas constitution.  See In re D.W.,
No. 02-06-00191-CV, 2008 WL 467328, at *12 (Tex. App.CFort
Worth Feb. 19, 2008, no pet. h.) (en banc). 
We are bound to follow our own precedent, so we will consider the merits
of Appellant=s
ineffective assistance argument.





[4]In
proceedings to terminate the parent‑child relationship brought under
section 161.001 of the family code, the petitioner must establish one ground
listed under subdivision (1) of the statute and must also prove that
termination is in the best interest of the child.  TEX. FAM. CODE ANN. ' 161.001(1),
(2); In re J.L., 163 S.W.3d 79, 84 (Tex. 2005).