02-10-298-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00298-CR

 

 


 
 
 John Ndungu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 367th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
John Ndungu challenges the trial court’s decision to proceed to adjudication of
his forgery case, resulting in a sentence of fifteen months’ confinement. 
Appellant brings two issues on appeal, arguing that he was denied his due
process rights by not being afforded a meaningful opportunity to begin his
community supervision and that trial counsel was ineffective at the hearing on
the motion to adjudicate because (1) Appellant would have insisted on a plea
agreement with the State if he had known that the elected judge would not be
presiding and (2) trial counsel failed to inform him that if he received a
sentence of more than a year, the sentence would negatively impact his
immigration status.  Because we hold that Appellant’s due process rights were
not violated and that trial counsel rendered reasonably effective assistance of
counsel, we affirm the trial court’s judgment.

In
November 2008, the State indicted Appellant for forgery.  Appellant pled guilty
under a plea agreement, and the trial court placed him on deferred adjudication
community supervision for four years and assessed a fine of $1,500.

The
State subsequently filed a motion to proceed to adjudication.  The trial court
held a hearing on the motion, at which Appellant pled not true to the
allegations.  Rhett Wallace of the Denton County Community Supervision Department
testified that Appellant’s community supervision had been transferred to Dallas
County at his request.  The Dallas County Community Supervision Department
attempted to contact Appellant by mail on two separate occasions, but the
letters were returned because “[t]he address he gave [them] apparently wasn’t
good.”  After Appellant twice failed to report to the Dallas County intake
office, the Dallas County Community Supervision Department closed out his case
and sent it back to the Denton County Community Supervision Department.

Wallace
further testified that Appellant failed to pay both the $50 supervision fee and
the $50 restitution fee that he had been ordered to pay.  Wallace also
testified that Appellant was required to complete 160 hours of community
service but that he had never turned in any hours to the community supervision
department.  Nor, to Wallace’s knowledge, had Appellant ever started serving
the hours.  Appellant also failed to complete a required drug and alcohol
evaluation.

Sandra
Reid of the Denton County District Clerk’s office testified that Appellant had
made one $75 payment toward his fees but that he had otherwise not paid his
fine, his court costs, or his warrant fee.

Appellant
testified that he had originally agreed to deferred adjudication community
supervision but had changed his mind, decided that he wanted to take his case
to trial, and informed his attorney of that fact.  He testified that he sent a
note to the Denton County community supervision officer explaining why he would
not be paying his fees.

The
trial court found the State’s allegations to be true and adjudicated Appellant
guilty.  Appellant filed a motion for new trial asserting, among other things,
that the verdict was contrary to the law and the evidence, that the trial
should not have proceeded because Appellant did not consent to the visiting
judge, and that his trial counsel was ineffective.  At the hearing on the
motion, Appellant testified that his attorney had not told him that if he
received a sentence of more than one year, it would have a negative impact on
his immigration status or that the judge who had originally heard his case was
not on the bench and the matter would be heard by a visiting judge.  Appellant
testified that if he had known these two facts he would have taken the plea
deal that the State had offered.  The trial court denied his motion for new
trial.

In
his first issue, Appellant argues that he was unaware that his community supervision
had even started and was never told where to report or to whom he should report
in Dallas County.  He testified that he did not willfully ignore his
obligations under community supervision but, rather, he did not understand what
he was supposed to do.  Consequently, Appellant argues, the State failed to
give him a “meaningful” opportunity to comply with the conditions of his
community supervision because Dallas County did not do enough to guarantee that
he complied with his obligations.

Appellant
was provided with a copy of the conditions of community supervision.  Dallas
County attempted to locate him at the address which he provided.  Although Appellant
requested transfer to Dallas County, he never reported to the Dallas County
intake office.

Appellant
testified that he had originally agreed to community supervision but
subsequently changed his mind and decided that he wanted to take his case to
trial.  He informed his attorney of that fact and also testified that he sent a
note to the Denton County community supervision officer explaining why he would
not be paying his fees.

From
the evidence, the trial court could have reasonably concluded that Appellant
did not satisfy the requirements of community supervision because he decided
not to be on community supervision.  There is no indication that the Dallas
County Community Supervision Department had either an unlisted telephone number
or an unlisted address, nor is there any indication that the Dallas County Community
Supervision Department attempted to hide from Appellant.  Additionally, the
record contains no evidence that Appellant contacted the Denton County Community
Supervision Department for answers to any questions he might have had about his
obligations.  The record reflects that he simply decided not to be on community
supervision.  We overrule Appellant’s first issue.

In
his second issue, Appellant argues that trial counsel was ineffective at the
hearing to adjudicate his guilt because Appellant had developed a rapport with
the elected trial judge and would not have decided to try the issues of
revocation had he known there was a visiting judge.  He also states that he
would have “insisted on a plea” agreement with the State if he had been aware
that the judge with whom he developed the rapport was not the judge who would
hear the motion to proceed to adjudication and that he was unaware that a
sentence of over one year could have a negative impact on his immigration
status.  Yet the plea agreement that Appellant signed when he was placed on deferred
adjudication community supervision clearly sets out the fact that a conviction
can affect immigration status.

Appellant
failed to sustain his burden of proof to show that trial counsel rendered
ineffective assistance.[2]  The record amply
supports the trial court’s decision to proceed to adjudication.  Appellant had
no right to challenge a visiting judge in a criminal case.[3] 
Appellant was amply instructed on the possible immigration consequences of a
criminal conviction.  Because Appellant has satisfied neither Strickland
prong, we overrule his second issue.

Having
overruled both of Appellant’s issues, we affirm the trial court’s judgment.

 

 

LEE
ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT, J.; and WILLIAM
BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO
NOT PUBLISH

Tex. R. App.
P. 47.2(b)

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001).





[3]See Tex. Gov’t Code
Ann. § 74.053 (West 2005); Lanford v. Fourteenth Court of Appeals, 847
S.W.2d 581, 587 (Tex. Crim. App. 1993) (original proceeding); see also Mayo
v. State, No. 05-05-01523-CR, 2006 WL 3086191, at *1 (Tex. App.––Dallas
Nov. 1, 2006, no pet.) (mem. op., not designated for publication).