02-10-249-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00249-CR

 

 


 
 
 Alma Vanessa Estrada
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 8 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A jury
convicted Appellant Alma Vanessa Estrada of driving while
intoxicated (DWI), and the trial court sentenced her to 365 days’ confinement,
probated for two years, and a $2,000 fine.  In one issue, Appellant contends
that trial counsel rendered ineffective assistance by failing to offer medical
records into evidence during the trial.  Because we hold that Appellant has not
proved ineffective assistance of trial counsel, we affirm the trial court’s
judgment.

At
trial, Keller Police Officer Chad Allen testified that on June 12, 2009, he
stopped Appellant for driving sixty miles per hour, fifteen miles above the
posted speed limit of forty-five miles per hour, and for changing lanes without
signaling.  Allen noticed an odor of alcohol on Appellant’s person.  When
asked, Appellant admitted that she had had “a couple of drinks.”  After
conducting field sobriety tests and administering a portable breath test to
determine that Appellant had the presence of alcohol in her system, Allen
concluded that Appellant did not have the normal use of her mental and physical
faculties due to the introduction of alcohol, and he arrested her for DWI. 
Appellant refused a breath test at the jail.

Appellant
pled not guilty to the information charging her with DWI.  After the jury found
her guilty, the trial court conducted the trial on punishment.  Appellant’s
attorney introduced without objection thirty-six pages of medical records as
mitigating evidence for the trial court’s consideration.  The trial court
assessed punishment at 365 days’ confinement in jail, probated for two years,
and a $2,000 fine.

Appellant
filed a motion for new trial alleging that “the finding of guilt in [sic]
contrary to the law found in the United States Constitution Fourth Amendment,
Fifth Amendment, and Fourteenth Amendment” and as found in “Texas Constitution
Article 1 Section 9 and 10, the Texas Code of Criminal Procedure Article 1.05,
and Article 38.23” because “the court determined guilt of the defendant on
evidence which was illegally obtained and compelled from the defendant in
violation of the aforementioned law.”  At the hearing on the motion, Appellant
argued ineffective assistance of trial counsel.  She alleged that her trial
counsel had not introduced during the guilt/innocence phase any credible and
reliable evidence about her medical condition, which affected her performance
on sobriety testing, and that, had this evidence been heard by the jury, it
would have resulted in a different verdict.  The trial court denied the motion.

Appellant
brings a single issue inquiring whether trial counsel’s failure to introduce
“exculpatory or mitigating business records into evidence constituted
ineffective assistance of counsel.”  Appellant argues that trial counsel failed
to

submit the medical records under affidavit by a custodian
of records, without which, the jury failed to know the nature and extent of
Appellant’s medical conditions which affected the jury’s verdict.  Such
misaction [sic] shows trial counsel’s performance fell below an objective
standard of reasonableness, and but for such error, the jury’s verdict would
have been different.

To establish ineffective assistance of counsel, Appellant
must show by a preponderance of the evidence that her counsel’s representation
fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel’s deficiency, the result of the
trial would have been different.[2]

In evaluating the effectiveness of counsel under the
first prong, we look to the totality of the representation and the particular
circumstances of each case.[3] 
The issue is whether counsel’s assistance was reasonable under all the
circumstances and prevailing professional norms at the time of the alleged
error.[4] 
Review of counsel’s representation is highly deferential, and the reviewing
court indulges a strong presumption that counsel’s conduct fell within a wide
range of reasonable representation.[5]  A
reviewing court will rarely be in a position on direct appeal to fairly
evaluate the merits of an ineffective assistance claim.[6] 
“In the majority of cases, the record on direct appeal is undeveloped and
cannot adequately reflect the motives behind trial counsel’s actions.”[7]  To
overcome the presumption of reasonable professional assistance, “any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”[8]  It
is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.[9]

The second prong of Strickland requires a showing
that counsel’s errors were so serious that they deprived the defendant of a
fair trial, that is, a trial with a reliable result.[10]  In
other words, Appellant must show there is a reasonable probability that, but
for counsel’s unprofessional errors, the result of the proceeding would have
been different.[11]  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.[12] 
The ultimate focus of our inquiry must be on the fundamental fairness of the
proceeding in which the result is being challenged.[13]

Appellant
does not inform this court what information contained in the medical records
would have affected the jury’s verdict.  She refers only to thirty-six pages of
business records, which appear to be medical records, and does not explain what
information contained in those records indicates a medical condition that would
mimic intoxication.  Indeed, Appellant does not inform this court what medical
conditions are discussed in the records to which she refers.  Although she
refers to the evidence as exculpatory or mitigating and points out that there
is no scientific evidence of alcohol concentration and intoxication in her case,
Appellant does not explain why the medical records are exculpatory or
mitigating.  We also note that Appellant’s refusal to submit to a breath test
at the jail explains the absence of evidence of breath alcohol evidence.

Appellant
does not complain of the sufficiency of the evidence to support conviction. 
Based on the record before us and on Appellant’s brief, we hold that nothing
indicates that trial counsel rendered ineffective assistance of counsel.  We
overrule Appellant’s sole issue and affirm the trial court’s judgment.

 

 

LEE
ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO
NOT PUBLISH

Tex. R. App.
P. 47.2(b)

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).





[3]Thompson, 9 S.W.3d
at 813.





[4]See Strickland, 466
U.S. at 688–89, 104 S. Ct. at 2065.





[5]Salinas, 163 S.W.3d
at 740; Mallett, 65 S.W.3d at 63.





[6]Salinas, 163 S.W.3d
at 740; Thompson, 9 S.W.3d at 813–14.





[7]Salinas, 163 S.W.3d
at 740 (quoting Mallett, 65 S.W.3d at 63).





[8]Id. (quoting Thompson,
9 S.W.3d at 813).





[9]Mata v. State, 226
S.W.3d 425, 432 (Tex. Crim. App. 2007).





[10]Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.





[11]See id. at 694,
104 S. Ct. at 2068.





[12]Id. at 694, 104 S.
Ct. at 2068.





[13]Id. at 697, 104 S.
Ct. at 2070.