

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00249-CR

ALMA VANESSA ESTRADA                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Alma Vanessa Estrada of driving while intoxicated (DWI), and the trial court sentenced her to 365 days' confinement, probated for two years, and a $2,000 fine. In one issue, Appellant contends that trial counsel rendered ineffective assistance by failing to offer medical records into evidence during the trial. Because we hold that Appellant has not proved ineffective assistance of trial counsel, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

At trial, Keller Police Officer Chad Allen testified that on June 12, 2009, he stopped Appellant for driving sixty miles per hour, fifteen miles above the posted speed limit of forty-five miles per hour, and for changing lanes without signaling. Allen noticed an odor of alcohol on Appellant's person. When asked, Appellant admitted that she had had "a couple of drinks." After conducting field sobriety tests and administering a portable breath test to determine that Appellant had the presence of alcohol in her system, Allen concluded that Appellant did not have the normal use of her mental and physical faculties due to the introduction of alcohol, and he arrested her for DWI. Appellant refused a breath test at the jail.

Appellant pled not guilty to the information charging her with DWI. After the jury found her guilty, the trial court conducted the trial on punishment. Appellant's attorney introduced without objection thirty-six pages of medical records as mitigating evidence for the trial court's consideration. The trial court assessed punishment at 365 days' confinement in jail, probated for two years, and a $2,000 fine.

Appellant filed a motion for new trial alleging that "the finding of guilt in [sic] contrary to the law found in the United States Constitution Fourth Amendment, Fifth Amendment, and Fourteenth Amendment" and as found in "Texas Constitution Article 1 Section 9 and 10, the Texas Code of Criminal Procedure Article 1.05, and Article 38.23" because "the court determined guilt of the defendant on evidence which was illegally obtained and compelled from the defendant in violation of the aforementioned law." At the hearing on the motion,

2

Appellant argued ineffective assistance of trial counsel. She alleged that her trial counsel had not introduced during the guilt/innocence phase any credible and reliable evidence about her medical condition, which affected her performance on sobriety testing, and that, had this evidence been heard by the jury, it would have resulted in a different verdict. The trial court denied the motion.

Appellant brings a single issue inquiring whether trial counsel's failure to introduce "exculpatory or mitigating business records into evidence constituted ineffective assistance of counsel." Appellant argues that trial counsel failed to

> submit the medical records under affidavit by a custodian of records, without which, the jury failed to know the nature and extent of Appellant's medical conditions which affected the jury's verdict. Such misaction [sic] shows trial counsel's performance fell below an objective standard of reasonableness, and but for such error, the jury's verdict would have been different.

To establish ineffective assistance of counsel, Appellant must show by a preponderance of the evidence that her counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[2]

---

[2]*See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[3] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[4] Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[5] A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.[6] "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."[7] To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[8] It is not appropriate for

---

[3] *Thompson*, 9 S.W.3d at 813.

[4] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

[5] *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63.

[6] *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14.

[7] *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

[8] *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

an appellate court to simply infer ineffective assistance based upon unclear portions of the record.[9]

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial with a reliable result.[10]  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[11]  A reasonable probability is a probability sufficient to undermine confidence in the outcome.[12]  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.[13]

Appellant does not inform this court what information contained in the medical records would have affected the jury's verdict.  She refers only to thirty-six pages of business records, which appear to be medical records, and does not explain what information contained in those records indicates a medical condition that would mimic intoxication.  Indeed, Appellant does not inform this court what medical conditions are discussed in the records to which she refers.  Although

---

[9]*Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[10]*Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.

[11]*See id.* at 694, 104 S. Ct. at 2068.

[12]*Id.* at 694, 104 S. Ct. at 2068.

[13]*Id.* at 697, 104 S. Ct. at 2070.

she refers to the evidence as exculpatory or mitigating and points out that there is no scientific evidence of alcohol concentration and intoxication in her case, Appellant does not explain why the medical records are exculpatory or mitigating. We also note that Appellant's refusal to submit to a breath test at the jail explains the absence of evidence of breath alcohol evidence.

Appellant does not complain of the sufficiency of the evidence to support conviction. Based on the record before us and on Appellant's brief, we hold that nothing indicates that trial counsel rendered ineffective assistance of counsel. We overrule Appellant's sole issue and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2011